UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WHITNEY SPICHER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. and JOHN and JANE DOES 1-10,<br><br>　　　　　Defendants. | CASE NO. C22-1116 MJP<br><br>ORDER DENYING MOTION TO REMAND |

This matter comes before the Court on Plaintiff's Motion to Remand. (Dkt. No. 5.) Having reviewed the Motion, Defendant American Family Mutual Insurance Company, S.I.'s Opposition (Dkt. No. 7), the Reply (Dkt. No. 9), and all supporting materials, the Court DENIES the Motion.

**BACKGROUND**

Plaintiff Whitney Spicher filed suit against her auto insurer, Defendant American Family Mutual Insurance Company, S.I. ("American"), and its employees involved in the handling of

her insurance claim. (Complaint ¶ 2.2, 2.3 (Dkt. No. 1-2).) Spicher alleges that she was injured in an automobile collision caused by the negligence of an uninsured motorist. (Id. ¶¶ 4.2, 4.3.) Spicher has sought coverage under the uninsured motorist (UIM) provision of her insurance policy with American, but claims that American has unreasonably withheld benefits and negligently handled her claim. (Compl. ¶¶ 4.6-4.22.) Spicher alleges that she suffered "serious injuries and substantial medical expenses as a result of the collision." (Id. ¶¶ 4.5, 4.9.) In her pre-suit demand, Spicher identified $41,285.00 in special damages incurred in treating injuries from the collision. (Dkt. No. 1-2 a 20.)

Spicher filed suit against American in King County Superior Court alleging the following claims: (1) breach of contract; (2) violation of the Consumer Protection Act; (3) bad faith; (4) negligence; and (5) violation of the Insurance Fair Conduct Act. (Compl. ¶¶ 6.1-9.4.) She seeks damages to compensate her for her "pain, mental and physical anguish, and physical disabilities since March 23, 2019," lost income, loss of enjoyment, emotional harm, and past and future medical expenses. (Id. ¶¶ 10.1-10.8.) She also seeks treble damages under the CPA and IFCA, as well as attorneys' fees and costs.

American removed this case from King County Superior Court. (Dkt. No. 1.) In the Notice of Removal, American explained that there is complete diversity between the parties and that the amount in controversy exceeds $75,000, in satisfaction of 28 U.S.C. § 1332. (Dkt. No. 1 at 1-4.) American asserted that the amount exceeds $75,000 given that Spicher identifies $41,285 in medical special damages and is seeking other damages and attorneys' fees and costs that will exceed the threshold. (See id.) Spicher now challenges the removal solely on the grounds that the amount in controversy does not exceed $75,000. (Dkt. No. 5.)

## ANALYSIS

**A.    Legal Standard**

Removal is proper if the federal court could have exercised original jurisdiction over the action as filed in state court. See 28 U.S.C. § 1441. In general, federal jurisdiction exists when a claim either (1) arises under the Constitution and laws of the United States, or (2) arises between citizens of different states and the amount in controversy exceeds $75,000.00. See 28 U.S.C. §§ 1331, 1332. Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance. See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The removing defendant faces a "strong presumption" against removal and bears the burden of establishing, by a preponderance of the evidence, that removal was proper. Gaus, 980 F.2d at 567. "If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus, 980 F.2d at 566–67.

**B.    Removal was Proper**

Because the Parties agree that there is complete diversity, the Court focuses its analysis on Spicher's argument that American failed to show the amount in controversy exceeds $75,000.

Considering all of the alleged damages and the relief sought, the Court finds that the amount in controversy here exceeds $75,000. It is uncontroverted that Spicher has demanded at least $41,285 in special damages to redress her past medical expenses. This leaves the remainder of $33,715 needed to satisfy the threshold. Based on the allegations in the Complaint, the documents filed with the Notice of Removal, and the declaration from American's counsel, the Court finds that the damages and attorneys' fees sought will exceed $75,000.

1        First, though Spicher does not specify how much her future medical expenses might be, she alleges that she suffered "serious injuries," "is continuing to receive medical treatment over three years later," and "will continue to expend significant amounts of money for medical expenses." (See Compl. ¶¶ 4.9, 10.5.) Counsel for American suggests that general damages in this case could range between $75,000 and $100,000 "when the medical specials claimed are $41,000." (Declaration of Lauren Fugere ¶ 2 (Dkt. No. 8).) While the Court cannot readily determine what "significant amounts of money" might be, it finds American's estimates to be reasonable given the alleged injuries. Moreover, Spicher has identified monetary losses resulting from the impairment of her earning capacity and enjoyment of life that might further support an award greater than $33,715. (Compl. ¶ 10.4.)

        Second, the Court finds that Spicher's future attorneys' fees should be included in the calculation of the amount in controversy and that these will likely exceed the $33,715 needed to satisfy diversity jurisdiction. As the Ninth Circuit has explained, "if the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are 'at stake' in the litigation.'" Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 794 (9th Cir. 2018) (quoting Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 417 (2018)) (alternations in original). Here, Spicher requests attorneys' fees, which are available under the CPA and IFCA. As such, the Court may include them in its analysis. American's counsel suggests that the attorneys' fees could well exceed $35,000. (Fugere Decl. ¶ 4.) The Court agrees. The Court recently set this matter for a six-day trial necessary to resolve Spicher's fact-intensive claims that are likely to require the testimony of several lay and expert witnesses. (See Dkt. No. 12.) In a case involving similar claims that went to trial for six days, the Court ultimately award plaintiff's counsel over $380,000 in attorneys' fees. See Gamble v. State Farm,

C19-5956 MJP, Dkt. No. 149 (W.D. Wash. Jan. 10, 2022) (awarding $380,328.00 in attorneys' fees to plaintiff who prevailed on similar statutory claims after a 6-day jury trial). This strongly suggests that the fees here will likely exceed $33,715.

Lastly, the Court considers that Spicher seeks treble damages of her IFCA and CPA claims. While those damages do not necessarily include medical expenses, they could well satisfy the remaining amount in controversy if Spicher proves just $11,300 in damages.

Together, this evidence more than satisfies the Court that the amount in controversy exceeds $75,000. The Court DENIES the Motion to Remand

### CONCLUSION

American has demonstrated that the amount in controversy here exceeds $75,000 and that there is complete diversity. The Court finds that it has diversity jurisdiction under 28 U.S.C. § 1332 and that this case was properly removed. The Court DENIES the Motion to Remand.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 28, 2022.

Marsha J. Pechman
United States Senior District Judge