UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WHITNEY SPICHER,<br><br>                  Plaintiff,<br><br>    v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. and JOHN and JANE DOES 1-10,<br><br>                  Defendants. | CASE NO. C22-1116 MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |

       This matter comes before the Court on Plaintiff's Motion to Compel. (Dkt. No. 19.) Having reviewed the Motion, the Response (Dkt. No. 20), the Reply (Dkt. No. 22), and all supporting materials, the Court DENIES the Motion without prejudice.

       Local Civil Rule 37(a)(1) states that "[a]ny motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." The Rules

specify that "[i]f the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute." Local Civil Rule 37(a)(1).

Plaintiff failed to satisfy her obligations under Local Civil Rule 37(a)(1) to meet and confer prior to filing the Motion to Compel. The parties met and conferred in March 2023 to discuss Defendant's response to Plaintiff's Requests for Production and Interrogatories. (See Ex. E to the Motion to Compel (Dkt. No. 19-6).) During that meet and confer, Defendant agreed to supplement responses and provide a proposed protective order to facilitate the production of nearly all of the documents Plaintiff requested. (Id.) Defendant then supplemented its responses to the RFPs and Interrogatories in April. (See Declaration of Lauren Fugere ¶ 5 & Ex. 4.) Plaintiff did not meet and confer after this supplemental production, and instead filed the motion to compel. Plaintiff's failure to meet and confer regarding Defendant's supplemental response and proposed protective order demonstrates her non-compliance with Local Civil Rule 37(a)(1). While the Court acknowledges that the parties met and conferred about Defendant's initial responses, Plaintiff never met and conferred to discuss any objections to the supplemental answers. Such a meet and confer could likely have eliminated the need for much of the motion to compel, particularly given Defendant's apparent willingness to provide most of the documents requested if Plaintiff agreed to the protective order. (See Resp. at 10 ("Defendant agreed to produce its claims files and manuals relating to UIM claims up until the IFCA notice subject to a Protective Order.").) There is clearly more room for the parties to negotiate without the Court's intervention. The Court therefore DENIES the Motion without prejudice for failure to comply with Local Civil Rule 37(a)(1).

The parties must engage in a meaningful meet and confer process to discuss Plaintiff's requests before the Court will rule on any motion to compel. The Court strongly urges Plaintiff

to consider negotiating a protective order based on the Court's model order. Doing so would appear to satisfy Defendant's concerns and allow Plaintiff access to nearly all of the records she seeks. And such agreements are commonly entered by the Court to facilitate litigation involving potentially confidential materials. Should Plaintiff choose to file a renewed motion to compel, she must use the expedited joint motion procedure set forth in Local Civil Rule 37(a)(2).

The clerk is ordered to provide copies of this order to all counsel.

Dated May 11, 2023.

Marsha J. Pechman
United States Senior District Judge