UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WHITNEY SPICHER,<br><br>               Plaintiff,<br><br>    v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. and JOHN and JANE DOES 1-10,<br><br>               Defendants. | CASE NO. C22-1116 MJP<br><br>ORDER ON RENEWED MOTION TO COMPEL |

      This matter comes before the Court on Plaintiff's Renewed Motion to Compel. (Dkt. No. 29.) Having reviewed the Motion, Defendant American Family Mutual Insurance Company, S.I.'s Response (Dkt. No. 31), the Reply (Dkt. No. 34), and all supporting materials, the Court GRANTS the Motion in part.

**BACKGROUND**

      As narrowed in the Reply, Plaintiff seeks an order compelling Defendant to respond to Interrogatories 3, 4, 17-2, concerning Defendant's evaluation of Plaintiff's injuries. Plaintiff also

seeks documents concerning the reserves Defendant set in this action, which are responsive to Request for Production No. 3. Defendant opposes the demand to further supplement its interrogatory responses because it does not have complete medical records from medical vendors. And Defendant argues that it need not produce any documents created after Plaintiff served her notice under the Insurance Fair Conduct Act because this threated suit against Defendant as UIM insurer and any such information is protected by the work product doctrine.

## ANALYSIS

**A.     Meet and Confer**

Defendant argues that Plaintiff failed to meet and confer in advance of filing the Renewed Motion. The Court disagrees. Plaintiff has conferred with Defendant about the interrogatory responses and the request for production at issue in this case. It is true that Plaintiff filed this Renewed Motion on the same day that Defendant supplemented its interrogatory responses. But Plaintiff had already discussed the responses and the Renewed Motion showcases the Parties' ongoing dispute over the adequacy of the responses. While Defendant may be technically correct that Plaintiff could have met and conferred further, it does not find that this rule should stand in the way of resolving the Parties' dispute that they are unable to resolve without the Court's assistance.

**B.     Interrogatories**

The Court finds that Defendants must supplement their answers as to Interrogatories 3-4, 17-21. The responses are not complete. Given that discovery has now closed there is no basis to support Defendant's contention that it is still gathering additional information necessary to supplement the interrogatories. Defendant must provide final, supplemented responses to these interrogatories. And the Court warns Defendant that it cannot rely on any materials that have not

ORDER ON RENEWED MOTION TO COMPEL - 2

been produced in discovery to support its defenses. Defendant must file supplemental responses within 7 days of entry of this Order.

C. **Request for Production**

The Court additionally finds that Defendant must provide a privilege log for any documents concerning Defendant's reserves that it has withheld.

"The attorney-client privilege applies to communications and advice between an attorney and client and extends to documents which contain a privileged communication." Pappas v. Holloway, 114 Wn.2d 198, 203 (1990). After receiving of an IFCA notice from an insured pursuing a UIM claim that warns of litigation, the insurer may invoke the attorney client and work product privilege. See Schreib v. Am Fam. Mut. Ins Co., 304 F.R.D. 282, 206 (W.D. Wash. 2014). That is because the insurer in this instance may reasonably believe that it is preparing for litigation against the insured and therefore steps into the shoes of the tortfeasor. Richardson v. Gov't Emps. Ins. Co., 200 Wn. App. 705, 714 (2017). Although Defendant may invoke the attorney client privilege and work product doctrine, it may not withhold otherwise responsive documents without providing a privilege log. See Cedell v. Farmers Ins. Co. of Washington, 176 Wn. 2d 686, 696 (2013).

The Court finds that once Defendant received the IFCA notice on June 14, 2022, it may invoke the attorney client privilege and work product doctrine. But in order to properly withhold documents responsive to Request No. 3, it must also provide a privilege log that details what records are being withheld and sufficient information to allow Plaintiff to test the assertion. The Court ORDERS Defendant to prepare and transmit a privilege log of all documents responsive to Request for Production No. 3 that it is withholding. The log must be produced within 14 days of entry of this Order.

**CONCLUSION**

The Court GRANTS in part Plaintiff's Motion. The Court finds that Defendant must supplement its response to Interrogatories Nos. 3-4, 17-21. It must do so within 7 days of entry of this Order. And the Court finds that Defendant must provide a privilege log for all documents withheld that are responsive to Request for Production No. 3 within 14 days of entry of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 17, 2023.

Marsha J. Pechman
United States Senior District Judge