UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WHITNEY SPICHER,<br><br>                Plaintiff,<br><br>    v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. and JOHN and JANE DOES 1-10,<br><br>                Defendants. | CASE NO. C22-1116 MJP<br><br>ORDER ON MOTION FOR SANCTIONS |

This matter comes before the Court on Plaintiff's Motion for Sanctions. (Dkt. No. 33.) Having reviewed the Motion, Defendant American Family Mutual Insurance Company, S.I.'s Response (Dkt. No. 41), the Reply (Dkt. No. 46), and all supporting materials, the Court GRANTS the Motion in part.

**BACKGROUND**

Defendant has retained the services of Dr. Dennis Chong to provide medical opinions in this action. On April 11, 2023, Plaintiff issued a notice of video deposition of Dr. Chong to occur

on May 19, 2022. (Declaration of Michael Kittleson Ex. C at 2 (Dkt. No. 33-3).) The same notice included a subpoena duces tecum asking Dr. Chong to "bring with [him various] . . . documents in [his] possession or under [his] control." (Id. at 3-4.) The documents requested included:

> 9. Your billing statements for serving as an expert in this case.
> 10. Your billing forms or other documents that will show, for the past 5 years, the name and address of each attorney for whom you have written an independent medical examination report.
> 12. All records and documents that reflect the amount of monies that you have received from any entity, corporation, organization or company to perform independent medical examinations.

(Id.) On May 16, 2023, Plaintiff moved the start time of the deposition from 9:00 AM to 1:30 PM on May 19, 2023. (Kittleson Decl. Ex. D; Declaration of Lauren Fugere Ex. 2 (Dkt. No. 44-2).) Defendant's counsel then prepared, signed, and served objections on May 18, 2023, though they did not specify on whose behalf they served them. (Kittleson Decl. Ex. D.) Defendant maintains that it does not represent Dr. Chong, and Dr. Chong testified that he has not hired Defendant's counsel to represent him. (Fugere Decl. Ex. 1 (stating in an email "we do not represent Dr. Chong"); Fugere Decl. Ex. 4 at 5 (Dr. Chong confirmed during his deposition that he had not "hired defense counsel as [his] personal lawyers").)

Dr. Chong did not produce documents during the video deposition relating to his compensation for his work as an expert. But Plaintiff did not provide directions as to how Dr. Chong was to produce documents at a remote video deposition. And due to the change in time, Dr. Chong was not at his office and had not brought any responsive documents with him to the location where he sat for the deposition. (Declaration of Dr. Dennis Chong ¶¶ 2, 5-6, 8 (Dkt. No. 42).) During the deposition, Dr. Chong offered to make some materials available, but not financial materials. (Kittleson Decl. Ex. G.)

ORDER ON MOTION FOR SANCTIONS - 2

In an email dated May 25, 2023, Plaintiff's counsel asked to continue the deposition at Defendant's expense. (Kittleson Decl. Ex. H.) On May 26, 2022, counsel for Defendant produced some documents from Dr. Chong that were responsive to the subpoena. (Kittleson Decl. Ex. H.) The Parties conferred regarding Plaintiff's request for a further deposition, and they were unable to reach an agreement. (See Fugere Decl. Ex. 1.)

## ANALYSIS

**A.      Standard**

Though styled a motion for sanctions, Plaintiff has instead filed a motion to compel under Rule 37(a)(1). (See Mot. at 6-7 (relying exclusively on Rule 37(a)(1), not Rule 37(b) or (c).) Under Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery" after meeting and conferring with the person failing to make the disclosure. Fed. R. Civ. P. 37(a)(1). The rule specifically allows a party conducting an oral deposition to adjourn the deposition before moving for an order to compel. Fed. R. Civ. P. 37(a)(3)(C). And the Court must order the payment of reasonable expenses and fees, unless:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Although Plaintiff's counsel has not provided an express certification that he met and conferred, the record here shows that the Parties discussed the matter during Dr. Chong's deposition and on a call afterwards. This suffices, though counsel are warned that they must file an actual certification of compliance with the meet and confer requirement going forward.

**B.  Continued Deposition**

The Court agrees that Dr. Chong must sit for a deposition on the topics of his financial remuneration from Defendant in this case and other matters over the last three years. But the Court does not find that Dr. Chong needs to produce records or answer questions as broadly as Plaintiff suggests. Dr. Chong must produce sufficient financial documentation to show the amount of money he has been paid for his expert work for Defendant over the last three years. This documentation is adequate to examine any potential bias. And although Defendant and Dr. Chong represent that Dr. Chong has no billing statements to produce, any such records must be produced if Dr. Chong has prepared or sent billing statements since this motion was briefed. This includes any billing statements prepared by the vendor through which Defendant retained Dr. Chong. And even if no documents are produced, Plaintiff may question Dr. Chong about how much he has worked, expects to bill or earn from his work, and how much of his work is performed for insurers such as Defendant over the last three years. The deposition shall occur by remote means or in person (if the parties agree). Documents must be produced at least two days before the deposition. The deposition must be held within one week of this Order. And Defendant shall bear the cost of the continued deposition, given that its failure to serve timely objections or prepare their retained expert was not substantially justified.

The Court finds that Defendant shall bear the cost of Dr. Chong's continued testimony given that it failed to adequately prepare its retained expert and Dr. Chong failed to serve timely objections. The failure to comply with the subpoena was not substantially justified, even if Plaintiff should have been clearer in the method of production. The Court also rejects Defendant's argument that the amended deposition start time somehow restarted the window in which to object to the subpoena duces tecum. The substance of the subpoena duces tecum

remained the same and the time to have objected was well expired. Lastly, the Court notes that Dr. Chong's objections themselves were not filed by him personally. Defendant's counsel prepared, signed, and served them without any indication they did so on Dr. Chong's behalf. And both Defendant and Dr. Chong maintain that counsel for Defendant does not represent Dr. Chong. If true, then counsel could not have validly served objections on Dr. Chong's behalf. In any event, they were untimely. The Court clarifies that Defendant must only bear the costs of Dr. Chong's testimony, but not Plaintiff's time spent preparing for the deposition or the costs of the court reporter.

Lastly, Dr. Chong has also expressed concerns about producing financial information if it can be used outside of the litigation. (Chong Decl. ¶ 3.) The Parties have stipulated to, and the Court has now entered a protective order. (Dkt. No. 40.) Dr. Chong may invoke the Protective Order in producing the financial records and testimony regarding them. Nothing in this Order constitutes a decision on whether materials or testimony Dr. Chong may produce should be kept confidential.

**C.    Filing of Declarations**

As a matter of housekeeping, the Court notes that Plaintiff has not tracked the conventions of this Court in how she files materials supporting motions and briefs. Declarations that append materials in support of a motion or brief must be filed in a docket entry separate from the motion or brief. The declaration must be filed with all exhibits to the declaration in one docket entry. In this instance, Plaintiff filed its Motion with nine exhibits, the first eight of which were actually exhibits to a declaration appended as the ninth exhibit to the Motion. This creates confusion in the docket.

Going forward, the Parties must file declarations with exhibits in support of a motion or brief in separate docket entries from the motion or brief.

## CONCLUSION

The Court finds that Dr. Chong must produce limited financial information and sit for a further deposition on the topic of his financial compensation. The Court GRANTS in part the Motion and ORDERS Dr. Chong to produce the materials and sit for a further deposition. The deposition must occur within one week of this Order and Defendant shall bear the cost of Dr. Chong's further testimony.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 17, 2023.

Marsha J. Pechman
United States Senior District Judge