UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WHITNEY SPICHER, | CASE NO. C22-1116 MJP |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE TRIAL |
| v. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. and JOHN and JANE DOES 1-10, | |
| Defendants. | |

This matter comes before the Court on Defendant American Family Mutual Insurance Company's Motion to Bifurcate Trial. (Dkt. No. 48.) Having reviewed the Motion, Plaintiff's Opposition (Dkt. No. 55), the Reply (Dkt. No. 58), and all supporting materials, the Court DENIES the Motion.

Defendant asks the Court to bifurcate trial into two phases: (1) one phase limited to Plaintiff's claim for UIM benefits; and (2) one phase limited to Plaintiff's bad faith/extra-contractual claims. Defendant claims that bifurcation is proper under Federal Rule of Civil

ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE TRIAL - 1

Procedure 42(b) to avoid the jury from considering prejudicial evidence about Plaintiff's bad faith/extra-contractual claims in the context of her UIM claim and becoming confused. Defendant also argues that a phased trial will conserve judicial resources by potentially avoiding a trial on the bad faith/extra-contractual claims altogether.

District courts enjoy wide latitude in choosing how to conduct trials, including whether to bifurcate. Estate of Diaz v. City of Anaheim, 840 F.3d 592, 601 (9th Cir. 2016). Federal Rule of Civil Procedure 42(b) permits courts to order a separate trial of separate claims or issues "[f]or convenience, to avoid prejudice, or to expedite and economize." District courts consider factors including whether bifurcation would increase judicial economy, reduce the risk of jury confusion, and avoid prejudice to the parties. See Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir. 1982). The party moving for bifurcation has the burden to show it is appropriate. See Wesco Ins. Co. v. Tauler Smith LLP, 2020 WL 4369496, at *1 (C.D. Cal. Mar. 10, 2020).

The Court is not persuaded by Defendant's arguments in support of bifurcation. Defendant has not demonstrated that it will be prejudiced if this action proceeds in a single, unphased trial or that jurors will be confused. The Court frequently tries UIM and bad faith claims in a single trial and minimizes any prejudice or confusion by specifically instructing the jury on each claim individually and providing a verdict form that requires the plaintiff to prove the UIM claim before allowing for any finding of liability for bad faith/extra-contractual claims. See, e.g., Gamble v. State Farm Mut. Auto. Ins. Co., C19-5956 MJP (W.D. Wash.); Hopkins v. Integon Gen. Ins. Co., C18-1723 MJP (W.D. Wash.). The single Washington case on which Defendant relies notes only that bifurcation is often granted—not that it is mandatory under Washington law. See Fortson-Kemmerer v. Allstate Ins. Co., 198 Wn. App. 387, 390–91 (2017), as amended on denial of reconsideration (June 15, 2017) (noting only that "insurers often

persuade courts to bifurcate not only trial, but also discovery"). The Court here presumes that jurors are able to and will follow its instructions. The Court's experience trying these kinds of claims in a single trial suggests that jurors are quite capable of doing so, and Defendant identifies no basis to assume otherwise. The Court therefore finds no cognizable risk of prejudice through a non-phased trial.

Even if Defendant had shown some prejudice through an unphased trial, it would be wasteful to phase this action. Phasing would interject complexity, burden the jury, and lead to some duplication and delay. The only scenario in which party and court resources might be conserved is if Defendant succeeds in defeating Plaintiff's UIM claim. It remains highly speculative whether this might occur, and the Court is unwilling act on that possibility.

Having considered all of the relevant factors under Rule 42(b), the Court is unconvinced that bifurcation is proper. Any risk of prejudice is outweighed by the substantial possibility that phasing the trial would waste judicial and party resources. The Court therefore DENIES the Motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 15, 2023.

Marsha J. Pechman
United States Senior District Judge